# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CHARLES L. GRAVES, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| THE KRYSTAL COMPANY, | : | |
| Defendant and Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| TOM J. KEMP, d/b/a KEMP CONSTRUCTION, | : | |
| Third-Party Defendant. | : | NO. CV207-141 |

## ORDER

Plaintiff, Charles L. Graves, filed the above-captioned case against the Krystal Company, alleging tort claims based on premises liability and negligence per se. Krystal filed a third-party complaint against Tom J. Kemp, doing business as Kemp Construction ("Kemp"), for negligence, indemnification, and breach of implied warranty of workmanship and workmanlike performance.

Presently before the Court is Krystal's motion for summary judgment against Graves, and Krystal's request for a declaratory judgment against Kemp. Because Graves has not

identified any statute or regulation that was violated, Krystal's motion will be **GRANTED** as to the negligence per se claim. Because the doctrine of res ipsa loquitur provides some evidence of negligence, the motion will be **DENIED** with respect to the premises liability claim. Because the undisputed evidence does not show that Krystal's negligence was only passive, its request for a declaratory judgment against Kemp will be **DENIED**.

## BACKGROUND

Viewing the facts in the light most favorable to Graves, as the Court must on a summary judgment motion, the facts are as follows. The Krystal restaurant in Brunswick, Georgia, was closed during the first week of April 2006 for remodeling, and to make the restaurant's restrooms handicap-accessible. Kemp Construction, a sole proprietorship operating out of Kansas, performed the remodeling job. Kemp installed a new door, door frame, and door-closer on the men's restroom in the Krystal restaurant. Kemp has completed about 135 to 150 restaurant remodeling projects for Krystal since 2001, in an effort to comply with the mandates of the Americans with Disabilities Act. On April 7, 2006, Krystal's

Brunswick restaurant reopened.

On April 21, 2006, Graves visited the restaurant and decided to use the (recently remodeled) restroom. Plaintiff reached for the door handle, which was on the right side of door, with his right hand. According to Graves, the toilet was visible from the lobby of the restaurant when the bathroom door was opened. Graves kept his left hand behind him on the door as he entered the restroom, to keep the door open in case someone else was in the restroom. Dkt. No. 22, Ex. C, Graves Dep. 39-40.

As the door shut, Graves' left index finger remained in the path of the closing door. The door closed and severed Graves' finger. Graves stated that the power of the door closer went into effect as the door was closing, and shut the door with force. Graves contends that the door closer was designed to shut abruptly because the bathroom design left customers using the commode exposed to public view in the restaurant. Although Graves was taken to the hospital after his injury, the treating surgeon there recommended against trying to reattach the severed portion of Graves' finger, and it was never reattached.

Sonia Brennan is the General Manager of the Brunswick Krystal restaurant, but did not yet have that job on the day

of the accident. Brennan did work at the restaurant at the time, and one of her job duties required her to clean the men's restroom. Brennan performed this task before and after the restaurant was remodeled. Dkt. No. 22, Ex. D, Brennan Decl. ¶¶ 3-5. Brennan was not working on the day of the accident, but she did not notice or learn of any problems with the men's room door from April 7 to April 21, 2006. Brennan stated that the door appeared to move at a normal speed after the remodeling, and that she was not aware of any complaints during the two weeks before Graves' injury. Id. ¶¶ 6 & 9.

Demetrius Ricks, another Krystal employee, provided a declaration that also stated that he thought the door was working properly at the time of the incident, and that he had not heard of any complaints after the bathroom was remodeled. Ricks also noted that he was also not working when Graves' injury occurred. Dkt. No. 22, Ex. E, Ricks Decl. ¶¶ 6-10.

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

4

affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor[.]" United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

## DISCUSSION

In the instant action, Graves raises claims against Krystal based on premises liability and negligence per se. Plaintiff's state law claims are founded on the Court's diversity jurisdiction. Graves relies on the doctrine of res ipsa loquitur as evidence of Krystal's negligence. Krystal rejoins that the doctrine does not apply under the facts of this case, and contends that even if it does apply, it is entitled to indemnification from Kemp for any negligence.

5

The Court will explore the legal positions of the parties below.

**I. Premises Liability**

In Georgia, landowners have a duty to "exercise ordinary care in keeping the premises and approaches safe" for invitees. Ga. Code Ann. § 51-3-1. Graves was a business invitee at the Krystal restaurant and Krystal owed him a duty of ordinary care. Barksdale v. Nuwar, 203 Ga. App. 184, 185 (1992); see also Abney v. London Iron & Metal Co., 152 Ga. App. 238, 239 (1979)(referring to this duty as one of "extraordinary" care). Krystal had "a duty to inspect the premises to discover possible dangerous conditions of which [it] does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises." Begin v. Ga. Championship Wrestling, Inc., 172 Ga. App. 293, 294 (1984).

If, "by the exercise of ordinary care, [the landowner] could have discovered the defect" causing the injury, Krystal had a duty to repair the condition or warn Graves of the danger. Ballard v. S. Reg'l Med. Ctr., Inc., 216 Ga. App. 96, 98 (1995). "The true basis of a proprietor's liability

6

for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitee to unreasonable risk of harm." Sunlink Health Sys. v. Pettigrew, 286 Ga. App. 339, 341 (2007).

The following elements must be established to warrant application of the res ipsa loquitur inference: "(1) the injury ordinarily would not occur in the absence of negligence; (2) the injury was caused by an agent or instrumentality within the defendant's exclusive control; and (3) the injury was not due to any voluntary action or contribution on plaintiff's part." Doyle v. RST Constr. Specialty, Inc., 286 Ga. App. 53, 56 (2007).

"[R]es ipsa loquitur should be applied with caution and only in extreme cases[.]" Ballard, 216 Ga. App. at 99. "[T]hat rule of evidence does no more than to allow the jury to decide the case and to make or reject the inference authorized as it sees fit -- it does not create a presumption to that effect for the defendant to overcome." McCurley v. Ludwig, 215 Ga. App. 798, 800 (1994). "The rule is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant." Parker v. Dailey, 226 Ga. 643, 645 (1970).

Plaintiff submits the doctrine of res ipsa loquitur

7

would allow a jury to infer that Krystal was negligent. Graves urges that the instrumentality causing the injury, a heavy door and defective door closer, was in Krystal's exclusive control, and the accident was one that would not occur in the absence of negligence. Graves asserts that fingers of customers visiting retailers' public restrooms are not severed by restroom doors unless the doors are defective.

If it can be inferred more reasonably "from the facts presented that the injury was caused by the defendant than any other inference," the doctrine of res ipsa loquitur permits a conclusion "that the defendant was negligent." Doyle, 286 Ga. App. at 57. According to Graves, Krystal had a duty to inspect and warn against the inherent risks to business invitees regarding the bathroom door, which was unsafe for customers to use. Graves urges that Krystal failed to identify and remedy the defective door.

A business owner owes a nondelegable duty to protect its invitees from injury. Moon v. Homeowners' Ass'n of Sibley Forest, Inc., 202 Ga. App. 821, 824 (1992). Where the plaintiff asserts that improper construction amounts to negligence, the landowner may be liable whether "he knew of the defects in original construction or not." Wilkerson v. Charles W. Bell & Assocs., P.C., 205 Ga. App. 779, 779

(1992). In a case of defective construction, notice of the defect by the landowner is presumed conclusively. Tybee Amusement Co. v. Odum, 51 Ga. App. 1, 1 (1935).

> One who employs an independent contractor to maintain in safe condition land which he holds open to the entry of the public as his place of business, or a chattel which he supplies for others to use for his business purposes or which he leases for immediate use, is subject to the same liability for physical harm caused by the contractor's negligent failure to maintain the land or chattel in reasonably safe condition, as though he had retained its maintenance in his own hands.

Restatement 2d of Torts § 425 (1965).

Thus, unlike Ballard, this is a case where Plaintiff claims negligent construction, not negligent maintenance. Accordingly, Defendant's knowledge of the averred defect is presumed.

Krystal notes that the doctrine of res ipsa loquitur was not set forth in the complaint, and contends that it should not be considered by the Court for that reason. The Court rejects this argument. Graves' complaint contains general allegations of negligence against Krystal. As to any specific averments of negligence pled in the complaint, the invocation of the doctrine is consistent with those allegations. See Dkt. No. 1, Ex. 1. Georgia law does not require that the plaintiff's complaint mention the doctrine

9

to later rely on it to defeat summary judgment or to rely on it at trial. See Ballard, 216 Ga. App. at 99; W. Page Keeton et al., Prosser and Keeton on Torts 260-61 (5th ed. 1984).

According to Krystal, the injury that occurred is not the type that would not occur in the absence of negligence. In support of this argument, Krystal cites to Quick Shops, Inc. v. Oldham, which involved an injury similar to the one suffered by Graves. In Quick Shops, the big toe on Oldham's left foot was injured when a spring device on a door to the entry of a grocery store closed on her foot. 100 Ga. App. 551, 552 (1959). The Georgia Court of Appeals held that the trial court erred in charging the jury on the doctrine of res ipsa loquitur.

The Court concludes that Quick Shops is distinguishable, and that it does not preclude application of the doctrine of res ipsa loquitur. In Quick Shops, the plaintiff's toe was smashed when a spring-loaded door closed on it at the entrance to a grocery store. Nonetheless, the plaintiff went into the store after her injury and did her shopping. Id. at 553-54. There, the Georgia Court of Appeals concluded that a mechanical device could get out of working order and smash a person's toe without it being anyone's fault. Id. at 556. But there is some merit to Plaintiff's insistence

10

that, in contrast, a restroom door in a restaurant should not sever customers' fingers under normal circumstances. See, e.g., Wilson v. Pickels, 181 Ga. App. 293, 294 (1986).

Graves testified that the door closer was on the outside of the door on the day of the accident. Before the accident, Graves was a general building contractor licensed in Florida. Graves testified during his deposition that he had installed door closers when he was a contractor, and that he was familiar with their operation. According to Graves, he has been in many restrooms and has observed how doors close. If the door was functioning properly, Graves insists that his finger would not have been severed. Dkt. No. 31, Attach. 1, Graves Aff. ¶ 3.

According to Plaintiff, placing the door closer on the outside the restroom had the effect of speeding the closure of the door, instead of slowing the closing speed of the door. Dkt. No. 22, Ex. C, Graves Dep. 31. Graves also opined that the door closer was put in place to close the door rapidly so the privacy of restroom occupants would not be exposed for an extended period of time. Id. at 52.

Plaintiff further posits that Defendant changed the type of door closer after his accident and moved its placement to inside the restroom. Graves did not identify the type of

11

closer on the door when the accident occurred, other than stating that it was larger than its replacement and that it was "aesthetically pleasing," with a golden metallic finish. Dkt. No. 22, Ex. C, Graves Dep. 31. There is no other evidence to support Graves' testimony that the type and position of the door closer was altered, and Krystal and Kemp dispute it. According to Krystal and Kemp, the door closer was placed on the inside of the door during the remodeling and was not changed thereafter.

If the doctrine of res ipsa loquitur applies, this factual dispute about the placement of the door closer is of little moment. The fact the door chopped off part of Graves' finger is evidence that the door was operating defectively, regardless of where the door closer was placed.
Graves has presented "some evidence from which a jury might find that the [door] was defective and that such defect could or should have been discovered by a reasonable inspection[.]" Gary Hotel Courts, Inc. v. Perry, 148 Ga. App. 22, 24 (1978)(quoting Palagano v. Georgian Terrace Hotel Co., 123 Ga. App. 502, 504 (1971)).

A defendant cannot preclude application of the doctrine by introducing proof that leaves the cause of the accident in dispute. Harrison v. S.E. Fair Ass'n, 104 Ga. App. 596,

605-06 (1961); Doyle, 286 Ga. App. at 57-59. If a plaintiff were forced to eliminate all other possible causes, that would require proof beyond a reasonable doubt in a negligence action. W. Page Keeton et al., Prosser and Keeton on Torts 248 (5th ed. 1984).

The Court concludes that Defendant had exclusive control of the door at the time of Plaintiff's injury. Where a restaurant owner or operator provides a chair or couch that collapses and injures the plaintiff, Georgia courts have found that the instrumentality was within the sole control of the restaurant, and that the doctrine could apply in such circumstances. Gresham v. Stouffer Corp., 144 Ga. App. 553, 553-54 (1978); Turry v. Hong Kong Delight, Inc., 215 Ga. App. 193, 194 (1994). The mere fact that the settings on the door were accessible to, and could have been altered by, Kemp, does not render the doctrine inapplicable. Stapp v. Grand Union Co., 203 Ga. App. 319, 320-21 (1992).

Krystal also maintains that Graves was actively involved in the incident causing his injury and is precluded from raising the doctrine of res ipsa loquitur as a result. Yet, the above-cited authorities demonstrate that the plaintiff need not be immobile or static when the incident occurs to invoke the doctrine. Gresham, 144 Ga. App. at 553-54; Turry,

13

215 Ga. App. at 194; W. Page Keeton et al., Prosser and Keeton on Torts 254 (5th ed. 1984). As in Turry, there is no evidence that Graves was using the door in anything other than an ordinary manner. Although Krystal does not explain how it contends Graves was contributorily negligent in causing his own injury, the fact that there may be some evidence of contributory negligence by Plaintiff does not bar the application of the doctrine of res ipsa loquitur. Kmart Corp. v. Larsen, 240 Ga. App. 351, 352-53 (1999); Wilson, 181 Ga. App. at 294.

Additionally, Krystal faults Graves for offering no expert testimony showing the door was defective or dangerous. Krystal asserts that he cannot rely on his own "speculative" testimony. However, the translation of the Latin phrase "res ipsa loquitur" is "the thing speaks for itself." Black's Law Dictionary 1336 (8th ed. 2004). Therefore, the notion that expert testimony is required to demonstrate negligence in such circumstances is rejected. The cases cited by Krystal, requiring expert testimony, were not res ipsa loquitur cases. Dixon v. Infinity Broad. East, Inc., 289 Ga. App. 71, 74 (2007); Henson v. Georgia-Pacific Corp., 289 Ga. App. 777, 778 (2008).

Krystal also argues that Graves must also show that a

14

defect or hazard existed at the time of the accident, citing Cohen v. Target Corp., 256 Ga. App. 91, 92 (2002). The instant case is distinguishable from Cohen, where the court stated that "[i]t is common knowledge that people fall on the best of sidewalks and floors." Id. at 93. Unlike Cohen, Graves posits, it is not common knowledge that a properly-functioning door could take off a patron's finger.

Because genuine issues of material fact remain in dispute, summary judgment is not warranted in Krystal's favor. The unusual injury suffered by Graves shows that there is a material issue of fact with respect to whether the door and door closer were functioning properly.

## II. Negligence Per Se

Graves has asserted a claim of negligence per se, but has not cited any statute that was violated. A claim of negligence per se that does not identify specific violations of a statute or regulation are subject to summary judgment. Norman v. Jones Lang LaSalle Ams., Inc., 277 Ga. App. 621, 629 (2006). Krystal is entitled to judgment as a matter of law with respect to this claim.

15

## III. Indemnification

If there is any liability to Graves in this case, Krystal urges that it is entitled to indemnification, or full reimbursement, from Kemp Construction for the same. Kemp installed the door two weeks before the accident. Defendant submits that, at worst, it failed to discover the alleged defective door. Krystal contends that, if any negligence is found, it would be that of Kemp, not Krystal.

Krystal requests a declaratory judgment establishing Krystal's right to indemnification from Kemp for any recovery to which Graves may be entitled, pursuant to 28 U.S.C. 2201(a). Krystal maintains that it is entitled to indemnification under Georgia law because its negligence was at most passive, while Kemp's would have been active. Jones v. Otis Elevator Co., 861 F.2d 655, 664-65 (11th Cir. 1998); Crockett v. Uniroyal, Inc., 772 F.2d 1524, 1530-31 (11th Cir. 1985).

Kemp testified that the door closing mechanisms contain two or three screw adjustments. Dkt. No. 22, Ex. A, Kemp Dep. 45. Kemp testified that various phases of the door closure are pre-set, but that these phases can be sped up or slowed down within each individual phase. Id. at 45-49.

16

Kemp opposes Krystal's request for declaratory relief. Third-Party Defendant submits that the common law principles of active versus passive negligence would apply if the sole ground for negligence was based on a negligent act of Kemp's employees. Kemp concedes that this doctrine could apply if certain facts are established at trial in this matter, but asserts that it would be premature to find that it applies as a matter of law at this stage in the proceedings. "Questions of negligence, including those seeking to distinguish between active and passive negligence, are ordinarily for the jury." Davis v. Glaze, 182 Ga. App. 18, 24 (1987).

Depending on the evidence adduced at trial, Krystal may be entitled to indemnification from Kemp. Because it is premature to conclude, and unnecessary to now decide, that Krystal's negligence was passive, Krystal's request for a declaratory judgment will be denied. Otis Elevators, 861 F.2d at 658 & 664-65. Even if Kemp was the sole party who was actively negligent here, Krystal would not be able to "avoid its ultimate responsibility to the plaintiff." Id. at 665; see also Moon, 202 Ga. App. at 824; Wilkerson, 205 Ga. App. at 779; Tybee Amusement Co., 51 Ga. App. at 1; Restatement 2d of Torts § 425 (1965).

17

**CONCLUSION**

For the reasons explained above, Krystal's motion for summary judgment is **GRANTED** in part, and **DENIED** in part. Dkt. No. 22. Krystal's request for declaratory relief against Kemp is **DENIED**. In accordance with the proposed pretrial order, the Clerk is directed to correct the docket sheet to reflect that the proper name of Third-Party Defendant is Tom J. Kemp, d/b/a Kemp Construction. Dkt. No. 32 at 15.

**SO ORDERED**, this  11th  day of December, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA